136 N.J. Super. 506 (1975)
347 A.2d 13
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PHILIP SNELL, M.D., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1975.
Decided October 17, 1975.
*507 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Solomon Rosengarten, Deputy Attorney General, argued the cause for appellant (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
Mr. Howard Stern argued the cause for respondent (Messrs. Shavick, Stern, Schotz, Steiger & Croland, attorneys; Mr. Steven L. Davis on the brief).
*508 PER CURIAM.
Defendant, a physician, was indicted in nine counts for a variety of alleged offenses. Eight of these dealt with his possession and distribution of controlled dangerous substances and his record keeping and furnishing in connection therewith. The ninth count related to his keeping of premises for proscribed purposes relating to the use of controlled dangerous substances. The State appeals, upon leave granted, from a determination by the trial judge that defendant "is not competent at this time to stand trial" because of his inability "to consult intelligently with counsel." We reverse.
As the trial judge found, defendant practices medicine in a manner that is "bizarre by all acceptable standards." It is equally true that "this bizarre practice is the root of the criminal charges" against defendant. Finally, and most significantly, we agree wholly with the findings of the trial judge that "defendant is a highly educated person" who "would be able to follow the evidence as presented at trial" and who "can comprehend his position."
We part company, however, with that which is more a conclusion than a finding[1] of the trial judge: "Since these grandiose and bizarre theories can only be understood by Doctor Snell * * * he will be unable to confer intelligently with counsel so as to construct a just defense." If the test of Aponte v. State, 30 N.J. 441 (1959), that defendant be able "intelligently [to] consult with counsel and plan his defense," is made to rest upon the ability of counsel or the world to receive and understand a grandiose or bizarre scheme, then it seems that consideration has shifted from the mental state of defendant to that of his auditors. We do not think Aponte intended that.
Despite the fact that Dr. Snell may truly believe that universal ignorance is persuading the world against his enlightened *509 theories, and that he may truly be unable to understand that, he certainly does comprehend his position as the trial judge found. We are satisfied additionally that he can communicate that position with counsel, and that accordingly he can assist in the planning of his defense. No more than that is required. State v. Spivey, 65 N.J. 21 (1974).
We reverse and remand for trial.
NOTES
[1] Or that which Judge Conford characterizes as a conclusionary fact or conclusionary finding of fact. "Findings of Fact and Conclusions of Law," 92 N.J.L.J. 225 (1969).